[No. A110492. First Dist., Div. Two. Sept. 26, 2005.]

In re KENNETH D. PHELON, on Habeas Corpus.

**COUNSEL**

Kenneth D. Phelon, in pro. per.; and Heather MacKay, under appointment by the Court of Appeal, for Petitioner.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Respondent.

**OPINION**

**KLINE, P. J.—**

## I. BACKGROUND

Petitioner Kenneth D. Phelon was convicted of kidnapping with intent to commit rape in violation of former Penal Code section 208, subdivision (d) (count I),[1] assault with intent to commit rape in violation of section 220 (count II), assault by means of force likely to produce great bodily injury in violation of section 245, subdivision (a)(1) (count III), and making criminal threats in violation of section 422 (count IV). The trial court sentenced him to the upper term of 11 years on count I because that conviction carried the longest term. Sentencing on the other counts was stayed pursuant to section 654.

---

[1] All statutory references hereafter are to the Penal Code unless otherwise indicated.

The trial court awarded petitioner credit for 813 days in custody and 406 days of conduct credit pursuant to section 4019 for the presentence time spent in local custody. Once in prison, the Department of Corrections took the position that petitioner's ability to earn worktime credit was limited to 15 percent by the provisions of section 2933.1, subdivision (a).[2]

Petitioner filed a petition for writ of habeas corpus seeking relief from the Department of Corrections' application of the 15 percent limitation of section 2933.1(a) on his ability to earn worktime credits while in prison. The California Supreme Court issued an order to show cause before this court "(1) why petitioner's presentence credits should not exceed 15 percent of his actual period of confinement, pursuant to Penal Code, section[] 2933.1, subdivisions (a) and (c) (see *People v. Ramos* (1996) 50 Cal.App.4th 810, 817 [58 Cal.Rptr.2d 24] [(*Ramos*)]); and (2) why petitioner's postsentence credits should not be limited to 15 percent by Penal Code section 2933.1, subdivision (a), when his sentences on violent offenses listed in Penal Code section 667.5, subdivision (c) were stayed pursuant to Penal Code section 654."

We conclude that petitioner is entitled to relief on the issue of his postsentence credits and direct the Department of Corrections to recompute his credits without application of the limits set forth in section 2933.1(a). Applying provisions of section 654 prohibiting punishment for convictions on which sentences were stayed, we conclude petitioner's presentence credits may not be limited under section 2933.1, subdivision (c),[3] and that the trial court's award was correct.[4]

## II. DISCUSSION

■    Section 2933.1, enacted in 1994, sets a 15 percent limit on worktime credits that may be accrued by a person convicted of violent felony offenses listed in subdivision (c) of section 667.5. It applies to both presentence and postsentence credits. Subdivision (a) governs postsentence credits and subdivision (c) applies to presentence credits.[5] Although the habeas corpus petition

---

[2] Hereafter section 2933.1(a).

[3] Hereafter section 2933.1(c).

[4] A statement of facts underlying petitioner's convictions is unnecessary in light of the issues presented.

[5] Section 2933.1 provides in full:

"(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933.

"(b) The 15-percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law. However, nothing in subdivision (a) shall affect the

raises only the issue of postsentence credits, the order to show cause expanded the issues to include presentence credits as well. We are thus obliged to address both issues even though we would ordinarily address only those claims alleged in the habeas corpus petition. (See *People v. Duvall* (1995) 9 Cal.4th 464, 475 [37 Cal.Rptr.2d 259, 886 P.2d 1252]; *In re Clark* (1993) 5 Cal.4th 750, 781, fn. 16 [21 Cal.Rptr.2d 509, 855 P.2d 729].)

Kidnapping with intent to commit rape was not listed as a violent felony in section 667.5, subdivision (c) at the time of petitioner's offense. (See former §§ 208, subd. (d), 667.5, subd. (c).) Two of petitioner's other convictions, however, did qualify as violent felonies at the time of the offense: assault with intent to commit rape (§ 220) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). As previously mentioned, the sentences on these two convictions were stayed pursuant to section 654.

## Postsentence Credits

■ The parties concede that the recent Supreme Court decision in *In re Reeves* (2005) 35 Cal.4th 765 [28 Cal.Rptr.3d 4, 110 P.3d 1218] is determinative on the question of whether section 2933.1(a) limits petitioner's ability to earn postsentence credits. *Reeves* involved an inmate who was serving concurrent prison terms of 10 years for a nonviolent crime and five years for a violent crime. The question in *Reeves* was whether section 2933.1(a) restricted the prisoner's ability to earn worktime credit against a concurrent sentence for a nonviolent offense. The prisoner had completed the five-year term for the violent offense and was serving the remainder of the concurrent term for the nonviolent offense. In discussing possible interpretations of the statutory language of section 2933.1, the court distinguished between the language of subdivision (a), which is applicable to postsentence credits, and that of subdivision (c), which applies to presentence credits. Only subdivision (a) was at issue in *Reeves*, which the court interpreted as follows: "Section 2933.1(a) limits to 15 percent the rate at which a prisoner convicted of and

---

requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section.

"(c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a).

"(d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative."

serving time for a violent offense may earn worktime credit, regardless of any other offenses for which such a prisoner is simultaneously serving a sentence. [Fn. omitted.] *On the other hand, section 2933.1(a) has no application to a prisoner who is not actually serving a sentence for a violent offense; such a prisoner may earn credit at a rate unaffected by the section. [Fn. omitted.]"* (*In re Reeves*, at p. 780, italics added.)

■ Under *Reeves*, petitioner's postsentence credits should not be limited by section 2933.1(a) because his sentences on the qualifying violent offenses were stayed pursuant to section 654. The sentence that petitioner is actually serving is not one that qualified as a violent offense at the time it was committed. Accordingly, the Department of Corrections must correct the computation of petitioner's postsentence credits to remove the 15 percent limitation of section 2933.1(a).

## Presentence Credits

As previously mentioned, the trial court awarded presentence credits unaffected by the limits of section 2933.1. Petitioner argues that we should not consider whether his presentence credits should be limited under section 2933.1 because he has not claimed that there is any error in his presentence credits. We are, however, obliged to consider the question pursuant to the order to show cause issued by the Supreme Court.

The People argue that petitioner's presentence credits are subject to the 15 percent limitation of section 2933.1. Their argument is based on the decision in *Ramos, supra,* 50 Cal.App.4th 810, which interpreted section 2933.1(c). The defendant in *Ramos* was sentenced to an aggregate term of 22 years, which included an eight-month consecutive sentence for a nonviolent offense. The defendant argued that the limitations of section 2933.1(c) should not apply to the eight-month sentence for the nonviolent offense, and that credits for that conviction should be calculated under the more liberal provisions of section 4019. The appellate court rejected the argument, stating: "[T]he language of section 2933.1 does not support his position. The statute applies '[n]otwithstanding Section 4019 or any other provision of the law' and limits to 15 percent the maximum number of conduct credits available to 'any person who is convicted of a felony offense listed in Section 667.5.' That is, by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or not all his or her offenses come within section 667.5." (*Ramos,* at p. 817.)

■ The Supreme Court discussed *Ramos* in *Reeves*. It rejected the People's reliance on *Ramos* on the ground that *Ramos* addressed only presentence credit limitations set forth in section 2933.1(c): "The *Ramos* court's statement that 'section 2933.1 applies to the offender not to the offense' (*Ramos, supra,* 50 Cal.App.4th 810, 817) makes sense in the context in which the court spoke—that of presentence credits authorized by section 4019 and limited by section 2933.1(c). A period of presentence confinement is indivisibly attributable to all of the offenses with which the prisoner is charged and of which he is eventually convicted. The defendant's argument in *Ramos* would have required the court to parse such a single, unitary period of presentence confinement into hypothetical, overlapping terms eligible to earn credit at different rates. Such a result finds no support in the language of subdivision (c), which limits the credits a prisoner may earn against an '*actual period of confinement*' (§ 2933.1(c), italics added) following arrest and before sentencing. . . . In other words, subdivision (c) explains that its limitation on presentence credit takes effect only when a person who has served 'an actual period of [presentence] confinement' (§ 2933.1(c)) becomes, by subsequent conviction of a violent offense in a proceeding to which the presentence custody is attributable, a '*person specified in subdivision (a)*' (§ 2933.1(c), italics added), namely, a 'person who is convicted of a [violent] felony offense' (§ 2933.1(a))." (*In re Reeves, supra,* 35 Cal.4th at pp. 775–776.)

Petitioner contends that *Ramos* is not dispositive of his case because *Ramos* did not involve a sentence stayed under section 654. Nor is there any other case, according to petitioner, that has analyzed the interaction of section 2933.1(c) and section 654, which prohibits imposition of any punishment for an offense on which the sentence has been stayed. Section 654 provides in pertinent part: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."

■ "[S]ection 654 prohibits the use of a conviction for any punitive purpose if the sentence on that conviction is stayed." (*People v. Pearson* (1986) 42 Cal.3d 351, 361 [228 Cal.Rptr. 509, 721 P.2d 595].) Section 654 prohibits a "defendant from being disadvantaged in any way as a result of the stayed convictions." (*People v. Pearson,* at p. 361.) Under this principle, it has been held that sentences for convictions that were stayed under section 654 may not be used as a basis for future enhancement in the absence of specific statutory authorization. (*People v. Pearson,* at pp. 361–362.) Likewise, a prior prison term enhancement may not be imposed for an offense for

which the prior term was stayed under section 654. (*People v. Percelle* (2005) 126 Cal.App.4th 164, 177–178 [23 Cal.Rptr.3d 731].) In *People v. Avila* (1982) 138 Cal.App.3d 873 [188 Cal.Rptr. 754], the California Youth Authority (CYA) was not allowed to reject the defendant on the sole ground that his conviction on an offense that was stayed under section 654 made him ineligible for its program. Rejection from CYA on the basis of a stayed sentence for a disqualifying offense was impermissible under section 654 because that would constitute punishment. (*People v. Avila*, at p. 879.) Courts have adopted the procedure of staying execution of the lesser sentence because it affords the defendant the maximum protection against multiple punishment under section 654. (*People v. Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11].)

■ Petitioner argues persuasively that limits on credit earning are a form of punishment, and that the term "punishment" takes into consideration the effective sentence in light of the availability of sentence-reducing credits. For example, retroactive retraction of previously-available sentence credits constitutes punishment in violation of the prohibition on ex post facto laws. (*In re Lomax* (1998) 66 Cal.App.4th 639 [78 Cal.Rptr.2d 220]; *Lynce v. Mathis* (1997) 519 U.S. 433 [137 L.Ed.2d 63, 117 S.Ct. 891]; *Flemming v. Oregon Bd. of Parole* (9th Cir. 1993) 998 F.2d 721.) Applying section 2933.1(c) to petitioner's presentence conduct credits would actually increase petitioner's term of incarceration by 285 days.[6]

We agree with petitioner that his presentence credits should not be limited under section 2933.1(c) based on convictions on which punishment was stayed under section 654. The *Ramos* decision is not dispositive in this case because it did not involve sentences that were stayed under the multiple punishment prohibition of section 654.

## III. DISPOSITION

The petition for writ of habeas corpus is granted. The Department of Corrections is directed to grant petitioner additional worktime credits in accord with section 2933, to recalculate his release date, and if he is overdue for release, as he has alleged, to release him immediately on parole. To the extent that petitioner has spent any time in prison past his lawful release date,

---

[6] Petitioner served 813 days in jail prior to sentencing and earned 406 days of conduct credit pursuant to section 4019. (Petitioner's exhibit No. G [amended abstract of judgment, dated Apr. 29, 2003].) Applying section 2933.1(c) would reduce his presentence conduct credits to 121 days.

the Department of Corrections is directed to deduct such time from petitioner's parole term. (*In re Ballard* (1981) 115 Cal.App.3d 647, 649 [171 Cal.Rptr. 459].) This opinion is final as to this court immediately. (Cal. Rules of Court, rule 24(b)(3).)

Haerle, J., and Lambden, J., concurred.