60 Cal.Rptr.3d 185 (2007)
151 Cal.App.4th 913
The PEOPLE, Plaintiff and Respondent,
v.
James Edward DUFF, Jr., Defendant and Appellant.
No. G036562.
Court of Appeal of California, Fourth District, Division Three.
May 31, 2007.
*186 Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Heather F. Crawford, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
MOORE, J.
Defendant James Edward Duff, Jr., appeals the trial court's decision to deny him presentence conduct credits. He argues that because his sentence for murder was stayed pursuant to Penal Code section 654,[1] the statute denying presentence conduct credits to those convicted of murder does not apply to him. We disagree and affirm the judgment.

I

FACTS
Given the limited nature of defendant's appeal, we need not detail the facts of the case. Defendant was convicted of second degree murder (Pen.Code, § 187, subd (a)) and assault on a child with force likely to cause great bodily injury (§ 273ab). The trial court sentenced defendant to 25 years to life in state prison on the section 273ab count, and stayed a sentence of 15 years to life on the second degree murder count under section 654. Defendant was awarded credit for 567 days actually served, but the court denied him presentence conduct credits.

II

DISCUSSION
Defendant claims he should have been awarded conduct credit pursuant to section 2933.1 (15 percent of his actual days in custody, thus adding 85 days of conduct credit to his 567 days actually served). He argues that because the sentence for second degree murder was stayed under section 654, the trial court should not have considered his murder conviction as grounds for denying him presentence conduct credits.
According to defendant, the trial court erroneously applied a case addressing postconviction conduct credits to support its decision. That case was In re Cervera (2001) 24 Cal.4th 1073, 103 Cal. Rptr.2d 762, 16 P.3d 176. Regardless of the basis the trial court used for reaching its decision, we will uphold it if the result was correct. (People v. Trausch (1995) 36 Cal.App.4th 1239, 1244, 42 Cal.Rptr.2d 836.)
Section 2933.2 states: "Notwithstanding Section 2933.1 or any other law, any person who is convicted of murder, as defined in Section 187, shall not accrue any credit, as specified in Section 2933." Defendant was indeed "convicted of murder, as defined in Section 187...." He argues, however, that since his sentence on the *187 murder conviction was stayed, his conviction for murder should not prevent him from receiving presentence conduct credit. He relies almost entirely on In re Phelon (2005) 132 Cal.App.4th 1214, 34 Cal. Rptr.3d 276 (Phelon). In that case, the defendant was convicted of kidnapping with intent to commit rape, assault with intent to commit rape, assault by means of force likely to produce great bodily injury and making criminal threats. He was sentenced to 11 years on the kidnapping charge, and the remainder of the sentence was stayed pursuant to section 654. (Id. at p. 1216, 34 Cal.Rptr.3d 276.) He was awarded credits pursuant to section 4019 for his presentence time in local custody.
Once in prison, the Department of Corrections took the position that the defendant's ability to earn worktime credit was limited to 15 percent by section 2933.1, subdivision (a). That provision limits any prisoner convicted of a felony enumerated in section 667.5 to accruing no more than 15 percent of worktime credit.[2] Kidnapping to commit rape was not among the felonies listed in section 667.5 at the time of the defendant's conviction. (Phelon, supra, 132 Cal.App.4th at pp. 1217-1219, 34 Cal.Rptr.3d 276.) The court held: "Under Reeves, petitioner's postsentence credits should not be limited by section 2933.1(a) because his sentences on the qualifying violent offenses were stayed pursuant to section 654. The sentence that petitioner is actually serving is not one that qualified as a violent offense at the time it was committed." (Id, at p. 1219, 34 Cal. Rptr.3d 276.)[3] The court also held that the defendant's presentence credits should not be limited based on convictions on which punishment was stayed under section 654. (Id. at p. 1221, 34 Cal.Rptr.3d 276.)
Phelon includes broad language regarding the intersection between section 2933.1 and section 654. "`[S]ection 654 prohibits the use of a conviction for any punitive purpose if the sentence on that conviction is stayed.' [Citation.] Section 654 prohibits a `defendant from being disadvantaged in any way as a result of the stayed convictions.' [Citation.] Under this principle, it has been held that sentences for convictions that were stayed under section 654 may not be used as a basis for future enhancement in the absence of specific statutory authorization. [Citation.] Likewise, a prior prison term enhancement may not be imposed for an offense for which the prior term was stayed under section 654. [Citation.] In People v. Avila (1982) 138 Cal.App.3d 873,188 Cal.Rptr. 754 [citation], the California Youth Authority (CYA) was not allowed to reject the defendant on the sole ground that his conviction on an offense that was stayed under section 654 made him ineligible for its program. Rejection from CYA on the basis of a stayed sentence for a disqualifying offense was impermissible under section 654 because that would constitute punishment. [Citation.] Courts have adopted the procedure of staying execution of the *188 lesser sentence because it affords the defendant the maximum protection against multiple punishment under section 654. [Citation.] [¶] Petitioner argues persuasively that limits on credit earning are a form of punishment, and that the term 'punishment' takes into consideration the effective sentence in light of the availability of sentence-reducing credits." (Phelon, supra, 132 Cal.App.4th at pp. 1220-1221, 34 Cal.Rptr.3d 276.)
The Attorney General argues that Phelon was simply wrongly decided. After careful review, we are compelled to agree. Although the Phelon court quoted the language from prior cases regarding "specific statutory authorization" for exceptions to section 654, it did not analyze whether the Legislature had created such an exception in section 2933.1. To determine whether the similar language in section 2933.2 creates such an exception, we examine how other cases have analyzed statutes where this issue arose.
In People v. Benson (1998) 18 Cal.4th 24, 74 Cal.Rptr.2d 294, 954 P.2d 557 (Benson), the California Supreme Court addressed the question of whether a conviction stayed under section 654 could be considered a strike under California's "Three Strikes" law. (§§ 667, subds.(b)-(i), 1170.12.) The court held that convictions that had been stayed under section 654 could properly be considered strikes. (Id. at p. 26, 74 Cal.Rptr.2d 294, 954 P.2d 557.) In reaching this conclusion, the court began with the plain language of the statute: "Section 1170.12, subdivision (b), part of the Three Strikes law enacted by the electorate, provides in pertinent part: `Notwithstanding any other provision of law ... a prior conviction of a felony shall be defined as: [¶] (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state.... None of the following dispositions shall affect the determination that a prior conviction is a prior felony ...:[¶] ... [¶] (B) The stay of execution of sentence.'' (Italics added; see also § 667, subd. (d) [legislative version].)" (Id. at p. 28, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
The court held that the italicized portions of the statute made clear the intent to include convictions for which sentence had been stayed as prior convictions for purposes of the Three Strikes law. (People v. Benson, supra, 18 Cal.4th at p. 31, 74 Cal.Rptr.2d 294, 954 P.2d 557.) "The courts of this state on occasion have found fault with the imprecise nature of language contained within statutory enactments. We find it difficult, however, to imagine language clearer, or more unequivocal, than that set forth above. [Citation.]" (Id. at pp. 30-31, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
The "fundamental task of statutory construction is to `ascertain the intent of the lawmakers so as to effectuate the purpose of the law.'" (People v. Cruz (1996) 13 Cal.4th 764, 774-775, 55 Cal.Rptr.2d 117, 919 P.2d 731.) The language in section 2933.2, subdivision (a) is not quite as explicit as the statute at issue in Benson. It states "Notwithstanding ... any other law," but does not go on to specify that stayed sentences shall not impact the application of the statute. Nonetheless, the question is whether the language of the statute is clear and unambiguous, not whether it could possibly have been even more explicit. "Well-settled rules apply: 'When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.' [Citations]." (People v. Benson, supra, 18 Cal.4th at p. 30, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
*189 In Benson, the court noted previous decisions holding that the Legislature need not expressly reference section 654 to create an exception to the general rule precluding multiple punishment under that section, including People v. Hicks (1993) 6 Cal.4th 784, 791-792, 25 Cal.Rptr.2d 469, 863 P.2d 714 (Legislature not required to cite § 654 in § 667.6); People v. Ramirez (1995) 33 Cal.App.4th 559, 573, 39 Cal. Rptr.2d 374 ("A statute which provides that a defendant shall receive a sentence enhancement in addition to any other authorized punishment constitutes an express exception to section 654"); People v. Powell (1991) 230 Cal.App.3d 438, 441, 281 Cal.Rptr. 568 (holding that language contained in Health and Safety Code section 11370.2, authorizing "`double punishment' ... `in addition to any other punishment authorized by law,'" prevented the applicability of section 654, which was not expressly mentioned in the statute). (People v. Benson, supra, 18 Cal.4th at p. 32, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
The language of section 2933.2, subdivision (a) is quite clear, and leaves no ambiguity: "Notwithstanding Section 2933.1 or any other law, any person who is convicted of murder, as defined in Section 187, shall not accrue any credit...." (Italics added.) The Legislature thus made clear its intent that other provisions of law should not prevent the application of this section. Other decisions have agreed that the language of section 2933.2 is clear: "[T]he language of section 2933.2, subdivision (c) is broad and evidences an intention to impose a complete ban on presentence conduct credits for those defendants who come within its purview. Subdivision (c) states that, notwithstanding section 4019 'or any other provision of law,' no presentence conduct credits may be earned by a person convicted of murder. That language reflects an intent to supersede any and all provisions of law that might support an award of presentence conduct credits." (People v. McNamee (2002) 96 Cal.App.4th 66, 70, 116 Cal.Rptr.2d 625.) The language of section 2933.2, subdivision (a) is equally broad and clear, and we believe it evinces an intent to preclude presentence conduct credits to anyone convicted of murder, even if that sentence is stayed pursuant to section 654.

III

DISPOSITION
The judgment is affirmed.
WE CONCUR: RYLAARSDAM, Acting P.J., and ARONSON, J.
NOTES
[1] Subsequent statutory references are to the Penal Code.
[2] Section 2933.1, subdivision (a) states: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."
[3] The decision to which the Phelon court referred is In re Reeves (2005) 35 Cal.4th 765, 28 Cal.Rptr.3d 4, 110 P.3d 1218 (Reeves). The question in that case was whether section 2933.1, subdivision (a) limited a prisoner's ability to receive worktime credit against a concurrent sentence for a nonviolent offense. In that case, the prisoner had completed a five-year term for the violent offense and was serving the remainder of the concurrent term for a nonviolent offense. The court held that section 2933.1 did not impose such a limitation, because the defendant was not actually serving a sentence for a violent offense. (Id. at p. 780, 28 Cal.Rptr.3d 4, 110 P.3d 1218.)