70 Cal.Rptr.3d 314 (2008)
158 Cal.App.4th 860
In re Nathan POPE, on Habeas Corpus.
No. C051564.
Court of Appeal of California, Third District.
January 8, 2008.
*315 Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, James M. Humes and Robert R. Anderson, Chief Assistant Attorneys General, Frances T. Grander and Julie L. Garland, Senior Assistant Attorneys General, Stephen P. Acquisto and Jennifer A. Neill, Supervising Deputy Attorneys General, and Krista L. Pollard, Deputy Attorney General, for Petitioner the People.
Deborah Prucha, under appointment by the Court of Appeal, Woodland, CA, for Respondent Nathan Pope.
RAYE, J.
The People appeal from an order of the Sacramento County Superior Court granting defendant Nathan Pope's petition for writ of habeas corpus directing the California Department of Corrections and Rehabilitation (CDCR) to recalculate his Penal Code section 2933[1] worktime credit without regard to the 15 percent limitation on such credit provided by section 2933.1, subdivision (a) (hereafter section 2933.1(a)) for persons convicted of a violent felony.[2] The superior court's ruling was based on a decision of the Court of Appeal, First Appellate District, Division Two. (In re Phelon (2005) 132 Cal.App.4th 1214, 34 Cal. Rptr.3d 276 (Phelon).) The superior court was required to follow Phelon. We are not so restrained. In our view, Phelon was wrongly decided. Concluding that section 2933.1(a) is applicable to defendant, we shall direct the superior court to vacate its order denying the petition.

PROCEDURAL HISTORY AND FACTS
In January 2002, while driving under the influence of alcohol and cocaine, defendant struck another vehicle, causing the death of the driver. Defendant pled guilty to gross vehicular manslaughter while intoxicated (Pen.Code, § 191.5, subd. (a)), which is not a violent felony, and to two felony counts of alcohol-related driving with, admissions as to each of great bodily injury (Veh.Code, § 23153, subds. (a), (b); Pen. Code, § 12022.7, subd. (a)), each of which *316 is a violent felony (Pen.Code, § 667.5, subd. (c)(8) [any felony in which the defendant inflicts great bodily injury in violation of§ 12022.7]).
Defendant was sentenced to state prison for the middle term of six years for the gross vehicular manslaughter conviction and to five years for each of the alcohol-related driving offenses (two-year middle term plus three years for the associated enhancement). However, the latter two sentences were stayed pursuant to section 654, which prohibits multiple punishments for a single act.[3]
Once defendant was delivered to CDCR, the latter determined that because defendant had been convicted of two violent felonies he was subject to section 2933.1(a)'s limitation of 15 percent for worktime credit earned pursuant to section 2933,[4] notwithstanding defendant's argument that section 2933.1(a) was not applicable to him because the sentences for those offenses had been stayed. In June 2005, after exhausting his administrative remedies, defendant renewed his argument in the Sacramento County Superior Court by filing a habeas corpus petition.
In September 2005, while defendant's habeas corpus petition was pending, the Court of Appeal, First Appellate District, filed its opinion in Phelon, supra, 132 Cal. App.4th 1214, 34 Cal.Rptr.3d 276, which supported defendant's position. In October 2005, in reliance on Phelon, the superior court granted defendant's petition and ordered CDCR to recalculate defendant's section 2933 credit free of section 2933.1(a)'s 15 percent limitation on such credit.
The People argue that Phelon was incorrectly decided because it failed to recognize that section 2933.1(a) constitutes a legislatively enacted exception to section 654. Thus, defendant is not entitled to section 2933 credit. We agree with the People's position.

DISCUSSION
Insofar as is relevant to the analysis herein, the facts of Phelon are as follows: The defendant was convicted of kidnapping with intent to commit rape, which was not a violent offense, and with assault with intent to commit rape and assault by means of force likely to produce great bodily injury, which are violent offenses. (Phelon, supra, 132 Cal.App.4th at p. 1216, 34 Cal.Rptr.3d 276.) Because the kidnapping conviction carried the longest term of potential imprisonment, the trial court sentenced the defendant to an unstayed term of 11 years for that offense, and stayed the sentences imposed on the other counts pursuant to section 654. (Phelon, at p. 1216, 34 Cal.Rptr.3d 276.) The trial court also awarded the defendant full section 4019 presentence custody credit.[5] (Phelon, at p. 1217, 34 Cal.Rptr.3d 276.)
*317 CDCR took the position that since the defendant had been convicted of violent felonies, his ability to earn section 2933 credit was limited by section 2933.1(a)'s 15 percent limitation. (Phelon, supra, 132 Cal.App.4th at p. 1217, 34 Cal.Rptr.3d 276.)
The defendant sought habeas corpus relief and the matter made its way to the California Supreme Court. Although the defendant had challenged only CDCR's ruling regarding postsentence credit, the California Supreme Court issued an order to show cause, returnable before the Court of Appeal, as to "`(1) why petitioner's presentence credits should not exceed 15 percent of his actual period of confinement, pursuant to Penal Code, section[ ] 2933.1, subdivisions (a) and (c) (see People v. Ramos (1996) 50 Cal.App.4th 810, 817, 58 Cal.Rptr.2d 24 [(Ramos)]); and (2) why petitioner's postsentence credits should not be limited to 15 percent by Penal Code section 2933.1, subdivision (a), when his sentences on violent offenses listed in Penal Code section 667.5, subdivision (c) were stayed pursuant to Penal Code section 654.'" (Phelon, supra, 132 Cal.App.4th at p. 1217, 34 Cal.Rptr.3d 276.)
As to postsentence credit, the parties in Phelon conceded that In re Reeves (2005) 35 Cal.4th 765, 28 Cal.Rptr.3d 4, 110 P.3d 1218 (Reeves) was "determinative" of that issue. (Phelon, supra, 132 Cal.App.4th at p. 1218, 34 Cal.Rptr.3d 276.) The court's acceptance of the concession was a mistake.
Reeves had concluded that where an inmate is serving concurrent sentences for a violent and a nonviolent crime, and the inmate completes his sentence for the violent crime before completing the sentence for the nonviolent crime, the inmate is no longer subject to section 2933.1(a)'s 15 percent limitation. (Reeves, supra, 35 Cal.4th at p. 769, 28 Cal.Rptr.3d 4, 110 P.3d 1218.) In drawing this conclusion, Reeves stated: "[S]ection 2933.1(a) has no application to a prisoner who is not actually serving a sentence for a, violent offense; such a prisoner may earn credit at a rate unaffected, by the section." (Reeves, at p. 780, 28 Cal.Rptr.3d 4, 110 P.3d 1218, fn. omitted, italics added.)
Seizing upon the italicized language, Phelon concluded that "[u]nder Reeves, [defendant Phelon's] postsentence credits should not be limited by section 2933.1(a) because his sentences on the qualifying violent offenses were stayed pursuant to section 654." (Phelon, supra, 132 Cal. App.4th at p. 1219, 34 Cal.Rptr.3d 276.) In other words, where a sentence is stayed under section 654, the defendant "is not actually serving a sentence" for that conviction. Later, in addressing section 2933.1, subdivision (c)'s application to the defendant's presentence custody credit, Phelon gave additional support for its conclusion regarding postsentence credit when it observed that the California Supreme Court had held in People v. Pearson (1986) 42 Cal.3d 351, 228 Cal.Rptr. 509, 721 P.2d 595 (Pearson) that a defendant may not be subject to "any" punishment or "disadvantage" from a conviction where the sentence is stayed pursuant to section 654. (Phelon, supra, 132 Cal. App.4th at pp. 1220-1221, 34 Cal.Rptr.3d 276, citing Pearson, supra, 42 Cal.3d at pp. 361-362, 228 Cal.Rptr. 509, 721 P.2d 595.)
We believe Phelon was wrongfully decided. First, since Reeves did not involve a sentence stayed pursuant to section 654 and section 654 is never mentioned in Reeves, Phelon should never have accepted the parties' stipulation that Reeves was dispositive. "[I]t is axiomatic that cases are not authority for propositions not considered." (People v. Alvarez (2002) 27 Cal.4th 1161, 1176, 119 Cal.Rptr.2d 903, 46 P.3d 372.) Second, and more importantly, *318 Phelon failed to consider whether section 2933.1(a) could be considered an exception to section 654, a suggestion that was clearly set forth in Pearson"[C]onvictions for which service of sentence was stayed may not be so used unless the Legislature explicitly declares that subsequent penal or administrative action may be based on such stayed convictions. Without such a declaration, it is clear that section 654 prohibits defendant from being disadvantaged in any way as a result of the stayed convictions." (Pearson, supra, 42 Cal.3d at p. 361, 228 Cal.Rptr. 509, 721 P.2d 595.)
Proper resolution of the instant issue is found by analogy to the reasoning of People v. Benson (1998) 18 Cal.4th 24, 74 Cal.Rptr.2d 294, 954 P.2d 557 (Benson), wherein the Supreme Court concluded that a prior serious or violent felony conviction that had been stayed pursuant to section 654 could nevertheless be used as a strike within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i), 1170.12). (Benson, supra, 18 Cal.4th at pp. 26-27, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
In arriving at its conclusions, the Benson court reasoned: "Section 1170.12, subdivision (b), part of the Three Strikes law enacted by the electorate, provides in pertinent part: 'Notwithstanding any other provision of law ... a prior conviction of a felony shall be defined as: [1] (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state.... None of the following dispositions shall affect the determination that a prior felony conviction is a prior felony ...: [11] ... [11] (B) The stay of execution of sentence.' (Italics added; see also § 667, subd. (d) [legislative version].)" (Benson, supra, 18 Cal.4th at p. 28, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
Applying the well-settled rule of statutory construction that "`[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it'" (Benson, supra, 18 Cal.4th at p. 30, 74 Cal.Rptr.2d 294, 954 P.2d 557), Benson concluded that section 1170.12, subdivision (b)'s "notwithstanding" language, coupled with language that a "stay of execution of sentence" shall not affect a conviction's status as a prior felony, rendered section 1170.12, subdivision (d) clear and unambiguous and meant that a prior serious or violent felony conviction for which sentence had been stayed under section 654 was still available for purposes of the three strikes law. (Benson, at p. 36, 74 Cal.Rptr.2d 294, 954 P.2d 557.)
Reasoning similar to that employed in Benson is applicable in the present circumstances. Section 2933.1(a) states that its 15 percent limitation applies "[n]otwithstanding any other law" to "any person who is convicted of a felony offense listed in Section 667.5 ...," i.e., to any violent felony. Section 2933.1(a) does not provide for its application to be subject to section 654. (Cf., e.g., section 1170.1,' subdivision (a), governing consecutive sentencing, which provides that its application is "subject to Section 654.") Like the language at issue in Benson, the language of section 2933.1(a) is clear and unambiguousits application withstands any other law and applies to "any person who is convicted" of a violent felony.
The wisdom of such a construction is illustrated by the present case. If left to stand, the result of the court's decision would be that defendant, after having been given full section 2933 credit on his six-year sentence, would serve less time than he would have served had he not caused the death of the victim. Specifically, defendant could receive either a 30 or 50 percent reduction against his nonviolent *319 vehicular manslaughter sentence pursuant to sections 2931 or 2933, resulting in a reduction of either 1.8 years (§ 2931) or 3 years (§ 2933) and a resulting imprisonment of either 3 or 4.2 years. Applying section 2933.1(a)'s 15 percent limitation to defendant's violent alcohol-related sentences yields a reduction of .75 years and therefore an imprisonment term of 4.25 years.
We thus conclude that section 2933.1(a) constitutes an exception to section 654 and therefore applies to defendant's vehicular manslaughter conviction.

DISPOSITION
The superior court's order granting defendant's petition for writ of habeas corpus is vacated, and the superior court is directed to enter an order denying the petition.
We concur: SCOTLAND, P.J., and NICHOLSON, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Violent felonies are crimes specified in section 667.5. subdivision (c).
[3] Penal Code section 654 provides, in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Since gross vehicular manslaughter carries a maximum term of 10 years (Pen.Code, § 191.5, subd. (c)) and each of the alcohol-related driving offenses coupled with the great bodily injury enhancement carries a maximum term of six years (Veh.Code, § 23558; Pen.Code, § 12022.7, subd. (a)), the court was required to impose sentence on the vehicular manslaughter offense and to stay the sentences on the alcohol-related offenses.
[4] Section 2933.1 provides, in pertinent part: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." (Italics added.)
[5] Section 2933.1, subd. (c) applies a 15 percent limitation to presentence credit awarded pursuant to section 4019.