[No. S160930. Aug. 19, 2010.]

In re NATHAN POPE on Habeas Corpus.

## COUNSEL

S. Michelle May, under appointment by the Supreme Court, and Deborah Prucha, under appointment by the Court of Appeal, for Petitioner Nathan Pope.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, James M. Humes, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Frances T. Grunder and Julie L. Garland, Assistant Attorneys General, Stephen P. Acquisto, Jennifer A. Neill, Jessica N. Blonien and Krista L. Pollard, Deputy Attorneys General, for Respondent the People.

## OPINION

**GEORGE, C. J.**—Persons who are serving a term in state prison may earn credit against their term if they participate in qualifying work or training programs. (Pen. Code, § 2933.)[1] Ordinarily, a prisoner may earn one day of such "worktime credit" for each day of participation, reducing the term of incarceration by up to 50 percent. Certain statutes, however, restrict the amount of credit that may be earned by prisoners who have been convicted of specified violent offenses. The present case concerns such a statutory limitation.

Pursuant to section 2933.1, subdivision (a) (section 2933.1(a)), persons who have been convicted of qualifying violent felonies may earn credit against their term of no more than 15 percent. We are called upon to decide how to apply this statutory limitation when a prisoner has been convicted of and sentenced for both qualifying and nonqualifying offenses but, although sentence has been imposed for both types of offense, execution of sentence has been stayed with respect to the qualifying offenses pursuant to the provisions of section 654.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

For the reasons discussed below, we conclude that petitioner is subject to the limitations imposed by section 2933.1(a), notwithstanding the circumstance that execution of sentence for the qualifying offenses has been stayed pursuant to section 654.

I

In January 2002, petitioner drove his vehicle at a high rate of speed and against a red light into an intersection in Fresno. His automobile struck another vehicle, rupturing its gasoline tank and causing a fire that killed the vehicle's occupant. Petitioner's blood-alcohol level was 0.25 percent and his blood also contained evidence of ingestion of cocaine.

Petitioner pleaded guilty to one count of driving under the influence of alcohol or drugs, causing injury (Veh. Code, § 23153, subd. (a)), and one count of driving with an unlawful blood-alcohol level, causing injury. (*Id.*, § 23153, subd. (b).) As to each of these counts, he admitted enhancement allegations that the offenses caused great bodily injury. (Pen. Code, § 12022.7, subd. (a).) By virtue of the enhancement allegations, each of these two counts constituted a qualifying violent felony for the purpose of the credit restrictions imposed by section 2933.1(a). (See § 667.5, subd. (c)(8) [classifying as violent any felony as to which specified enhancements, including those imposed for infliction of great bodily injury, have been charged and proved].)

Petitioner also pleaded guilty to gross vehicular manslaughter "while intoxicated" (§ 191.5, subd. (a)), which is not a qualifying violent felony for the purpose of the credit restrictions imposed by section 2933.1(a).

The trial court imposed sentence on all three counts, but pursuant to section 654 stayed execution of sentence for the offenses carrying the shorter terms. Although the offense of gross vehicular manslaughter while intoxicated is not designated as a violent felony within the meaning of section 2933.1(a), it carries a longer term of imprisonment than the driving-under-the-influence offenses of which petitioner also stood convicted. Accordingly, the trial court sentenced petitioner to the middle term of six years for the gross vehicular manslaughter conviction, and imposed but stayed execution of a sentence of five years for each of the driving-while-under-the-influence offenses. (The five-year terms for the latter offenses included the middle term of two years for the Veh. Code violations plus three years for the great-bodily-injury enhancements.)

California's Department of Corrections and Rehabilitation (Department), the entity charged with calculating prisoners' worktime credit, concluded that the 15 percent restriction applied to petitioner's entire sentence because of

petitioner's status as a person who was convicted of a qualifying violent felony. According to the Department, the amount of credit petitioner may earn against his six-year term for the nonqualifying offense is limited to 15 percent of that term. Petitioner, on the other hand, challenged the Department's calculation, arguing that because the court stayed execution of sentence for the offenses that would bring him within the terms of section 2933.1(a), the restriction imposed by section 2933.1(a) is inapplicable to any portion of his six-year term for the nonqualifying offense. According to petitioner, he is entitled to earn 50 percent worktime credit, as prescribed by section 2933, against his entire term.

Petitioner, challenging the Department's calculation of his credits, filed a petition for writ of habeas corpus, and the trial court agreed with petitioner's argument, relying upon *In re Phelon* (2005) 132 Cal.App.4th 1214 [34 Cal.Rptr.3d 276] (*Phelon*). The Department appealed from the order granting the petition for writ of habeas corpus. The Court of Appeal disagreed with the trial court, agreed with the Department, concluded that the *Phelon* case had been decided incorrectly, and vacated the order granting the petition for writ of habeas corpus. This court granted petitions for review filed by each party, and designated Nathan Pope as petitioner for the purpose of briefing and argument.

## II

■ Section 2933.1 belongs to a group of statutes that authorize, limit, or prohibit the earning of presentence and postsentence credit for persons who are convicted of crimes and sentenced to prison. The general rules for the earning of postsentence worktime credit appear in section 2933. Pursuant to the provisions of that statute, prisoners serving determinate terms (as well as those serving certain indeterminate terms) may earn so-called worktime credit for participation in prison work and training programs during their postsentence incarceration. (§ 2933; see *People v. Buckhalter* (2001) 26 Cal.4th 20, 31 [108 Cal.Rptr.2d 625, 25 P.3d 1103]; *In re Cervera* (2001) 24 Cal.4th 1073, 1078–1079 [103 Cal.Rptr.2d 762, 16 P.3d 176].) Ordinarily, prisoners earn worktime credit at the rate of six months of credit for every six months of participation—essentially, one day of credit for each day of participation. (*In re Reeves* (2005) 35 Cal.4th 765, 768 [28 Cal.Rptr.3d 4, 110 P.3d 1218] (*Reeves*).)

Persons who have been convicted of certain qualifying violent felonies, however, are subject to a restriction upon the postsentence worktime credit they may earn against their sentences. (§ 2933.1(a).) In these circumstances, postsentence worktime credit may be accrued at a 15 percent rate. (§ 2933.1(a).) A similar restriction applies to the conduct credit that may be

earned by such persons during presentence incarceration and applied against a term of imprisonment. (§ 2933.1, subd. (c).)

Petitioner challenges the calculation of credits undertaken by the Department with respect to postsentence credit. Specifically, he challenges the application of section 2933.1(a) to his sentence. That statute provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 [(defining violent felonies)] shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

Petitioner contends that because execution of sentence for his qualifying offenses was stayed pursuant to section 654 pending his completion of the longer term for the nonqualifying offense, he is not a person who has been convicted of a qualifying offense within the meaning of section 2933.1(a). He claims he is not "convicted" of the qualifying offense, because his custody is not attributable to the stayed term for the qualifying offense.

To support his argument, petitioner places principal reliance upon this court's decision in *Reeves, supra*, 35 Cal.4th 765. In that case, we interpreted the same language from section 2933.1(a) that is at issue in the present case, namely the phrase "any person who is convicted of a [qualifying violent] felony offense."

In *Reeves, supra*, 35 Cal.4th 765, the prisoner had been sentenced to concurrent terms of imprisonment for both qualifying and nonqualifying offenses. Specifically, he had been sentenced to 10 years in prison for possession of a controlled substance for sale, together with enhancements. In a separate proceeding, he was sentenced to five years in prison for assault with a deadly weapon, together with an enhancement for causing great bodily injury. The latter offense constituted a qualifying violent felony for the purpose of section 2933.1(a). The implicit decision of the sentencing court for the latter offense was that the five-year term should run concurrently with the 10-year term imposed for the drug offense. (*Reeves, supra*, 35 Cal.4th at p. 769, fn. 7.)

The prisoner in *Reeves, supra*, 35 Cal.4th 765, challenged the Department's calculation of postsentence worktime credits. The prisoner had, at the time of appeal, completed service of his sentence for the qualifying violent offense that limited his accrual of credits. He remained incarcerated solely under the longer, separate, concurrent sentence for the nonqualifying offense, that is, an offense that did not serve to limit the earning of credits. Nevertheless, the Department continued to calculate the prisoner's postsentence worktime credits at the reduced rate against his remaining term for the nonqualifying offense.

The question before us was whether the limitation upon worktime credit found in section 2933.1(a) applied to limit the prisoner's ability to earn credit during his entire term, including the longer 10-year term for the nonqualifying felony.

We began our analysis by observing that the "case turns on the meaning of the phrase 'any person who is convicted of a [violent] felony offense . . . .' (§ 2933.1(a).)" (*Reeves, supra*, 35 Cal.4th at p. 770.) The phrase "is convicted" in that context had only two possible meanings: (1) a conviction that was current, in the sense that it still gave the state the right to confine the prisoner in physical custody, or (2) the historical fact of conviction. We rejected the second possible meaning for several reasons, chief among them being that there was no indication the Legislature intended to impose a lifetime, continuing credit-earning disability on anyone who had ever been convicted of a violent offense. (*Reeves, supra*, 35 Cal.4th at pp. 771–772.)

Applying this conclusion to the facts of *Reeves, supra*, 35 Cal.4th 765, we held that the prisoner no longer was "convicted" of a violent offense within the meaning of section 2933.1(a). "Because petitioner has already served the term for the violent offense that caused the section to apply," we explained, "the statement that he 'is convicted of a [violent] felony offense' (*ibid.*) is true only as a matter of historical fact, i.e., he was once convicted of a violent offense. . . . Except in this inapplicable sense, to say that petitioner at the present time 'is convicted' (*ibid.*) of a violent offense is not correct. Today, his conviction for the violent offense gives the Department no claim to his physical custody; but for the time remaining on the separate, concurrent term for the nonviolent offense, he would be entitled to release." (*Reeves, supra*, at p. 777.)

█ *Reeves* holds only that a prisoner no longer "*is convicted*" of a qualifying offense within the meaning of section 2933.1(a) if he or she has served the sentence for that offense and would, "but for the time remaining on [a] separate, concurrent term for [a nonqualifying] offense, . . . be entitled to release." (*Reeves, supra*, 35 Cal.4th at p. 777.) This narrow holding does not assist petitioner in the present case.

Our decision in *Reeves, supra*, 35 Cal.4th 765, began and ended with an examination of the statutory term "is convicted." (§ 2933.1(a).) Contrary to petitioner's claim, we did not purport to adopt a broad rule to the effect that a statute limiting credits on account of a qualifying offense applies only to confinement that is attributable to that offense. To be sure, we did observe that "section 2933.1(a) has no application to a prisoner *who is not actually serving a sentence for a violent offense* . . . ." (*Reeves, supra*, at p. 780, italics added.) But the italicized phrase, read in context, was merely a shorthand

reference to our conclusion that the credits restriction ended for the petitioner when he no longer was "convicted" (§ 2933.1(a)) of the credit-limiting offense—in other words, "when the term for the violent offense has been served." (*Reeves, supra,* at p. 781.) Contrary to petitioner's claim, to read the phrase as creating a general rule to the effect that confinement must be attributable to a credit-limiting offense is to expand *Reeves* far beyond its reasoning or holding, a result that the Court of Appeal correctly rejected in the present case. (See also *In re Maes* (2010) 185 Cal.App.4th 1094, 1108–1109 [110 Cal.Rptr.3d 900] [affording a similar interpretation of parallel statutory language appearing in § 2933.2, subd. (a)].)

■ Indeed, the approach we took in *Reeves, supra,* 35 Cal.4th 765, supports the conclusion that the credit-limiting statute at issue in the present case *does* apply to petitioner's sentence. Section 654 prohibits multiple punishment, but it does not operate to bar multiple conviction. (*People v. Pearson* (1986) 42 Cal.3d 351, 359 [228 Cal.Rptr. 509, 721 P.2d 595].) Although execution of the sentence for petitioner's credit-limiting offenses has been stayed under section 654, he still "is convicted" of those offenses both as a formal matter, in the sense that the *convictions* have not been dismissed or stayed (see *People v. Pearson, supra,* at p. 360; *People v. Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11]), and as a practical matter, in the sense that, if the convictions for the nonqualifying offenses were reversed on appeal or vacated in a habeas corpus proceeding, he would be returned to the sentencing court for execution of the sentence imposed for the qualifying offenses—those for which execution of sentence previously had been stayed. (See *People v. Pearson,* at p. 360; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 [103 Cal.Rptr.3d 898]; *People v. Niles, supra,* at p. 756.)[2] Accordingly, in the words of *Reeves,* the qualifying offenses "give[] the Department [a] claim to [petitioner's] physical custody." (*Reeves, supra,* 35 Cal.4th at p. 777.) That claim has not yet expired. In sum, petitioner is a person who "is convicted" of a qualifying felony within the meaning of section 2933.1(a).

In support of his contrary claim, petitioner relies upon the appellate court's decision in *Phelon, supra,* 132 Cal.App.4th 1214. The petitioner in that case had been convicted of (1) kidnapping with intent to commit rape, (2) assault with intent to commit rape, (3) assault by means of force likely to produce great bodily injury, and (4) making criminal threats. At the time of the offenses, kidnapping with intent to commit rape did not qualify as a violent

---

[2] In *People v. Cantrell* (2009) 175 Cal.App.4th 1161 [96 Cal.Rptr.3d 605], cited by petitioner, the court commented that the sentence stayed pursuant to section 654 would not "operate" unless the executed sentence were reversed. (See *Cantrell,* at p. 1164.) The decision, however, does not purport to challenge the settled rule that, when this statute applies, the defendant remains convicted of all the offenses and the court should impose sentence for each of them.

felony for the purpose of section 2933.1, but two of the other convictions did qualify: assault with intent to commit rape and assault by means of force likely to produce great bodily injury. Execution of sentence for the qualifying offenses was stayed pursuant to section 654, because the nonqualifying kidnapping offense carried a longer term of imprisonment. The Court of Appeal concluded that the limitation upon postsentence worktime credit established by section 2933.1(a) could not be applied to restrict the postsentence credit the petitioner could earn for the term imposed for the kidnapping conviction. It reasoned that, so long as the stay of execution of sentence for the qualifying offenses was in effect, the petitioner was not *actually serving* a sentence for those offenses. (*Phelon, supra*, 132 Cal.App.4th at p. 1219.) The court's conclusion effectively was based upon the same flawed and overbroad reading of *Reeves, supra*, 35 Cal.4th 765, that we have rejected above. (See *Phelon, supra*, 132 Cal.App.4th at pp. 1218–1219.) Applying the reasoning and the conclusion we reach in the present case, we view the petitioner in the *Phelon* case as a person who remained convicted of a qualifying offense within the meaning of section 2933.1(a) and, as such a person, one whose eligibility to earn worktime credit against the kidnapping offense properly should have been limited to 15 percent.[3]

Finally, the Court of Appeal, having concluded correctly that section 2933.1(a) *applied* to petitioner's entire sentence, also rejected petitioner's claim that section 654 nonetheless served to protect him from the loss of credit imposed by section 2933.1(a). We agree with the Court of Appeal that the latter statute creates an exception to section 654, as we explain in our decision in *People v. Duff* (2010) 50 Cal.4th 787 [114 Cal.Rptr.3d 233, 237 P.3d 558]. Petitioner complains that such a construction of section 2233.1(a)

---

[3] To the extent the decision in *In re Phelon, supra*, 132 Cal.App.4th 1214, is inconsistent with our opinion in the present case, it is disapproved.

The reviewing court in *In re Gomez* (2009) 179 Cal.App.4th 1272, 1281 [102 Cal.Rptr.3d 221], like the court in *Phelon*, seized upon the statement in *Reeves* that "section 2933.1(a) has no application to a prisoner who is not actually serving a sentence for a violent offense . . ." (*Reeves, supra*, 35 Cal.4th at p. 780), in concluding that a sentence stayed pursuant to section 654 could not be the basis for application of credit limitations imposed pursuant to section 2933.1. The case of *In re Gomez* is anomalous in that the trial court did not follow the appropriate procedure of staying *execution* of sentence pursuant to section 654, but rather declined to impose sentence for the offenses affected by that statute. We disapprove *In re Gomez, supra*, 179 Cal.App.4th 1272, however, to the extent it is inconsistent with our opinion in the present case.

Petitioner also cites *In re Tate* (2006) 135 Cal.App.4th 756 [37 Cal.Rptr.3d 710]. In that case, the petitioner received a prison sentence for a qualifying offense. During his imprisonment, he committed a nonqualifying offense. He received a consecutive sentence for the latter offense, but service of this sentence was not to commence until he had served his sentence for the qualifying offense. The Court of Appeal concluded the fully consecutive sentence for the nonqualifying offense was not subject to section 2933.1(a). (*In re Tate, supra*, 135 Cal.App.4th 756.) Neither the present case nor *Reeves, supra*, 35 Cal.4th 765, concerns such a sentence, and we have no occasion to comment upon the application of section 2933.1 in that context.

would lead to the anomalous result that his term may exceed what he would have served had he been convicted *solely* of the qualifying offenses. As we have recognized, however, "application of the complex statutory sentence-credit system to individual situations ' "is likely to produce some incongruous results and arguable unfairness when compared to a theoretical state of perfect and equal justice. [Because] there is no simple or universal formula to solve all . . . credit issues, our aim [must be] to provide . . . a construction [of the statutory scheme] which is faithful to its language, which produces fair and reasonable results in a majority of cases, and which can be readily understood and applied by trial courts." ' [Citation.]" (*People v. Buckhalter, supra*, 26 Cal.4th at pp. 28–29.)

## III

For the foregoing reasons, the judgment rendered by the Court of Appeal is affirmed.[4]

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

---

[4] We decline petitioner's invitation to reach an additional issue not mentioned in the petitions for review or in the Court of Appeal's opinion, namely his claim that his qualifying crimes did not fall within the ambit of section 667.5, subdivision (c)(8), defining violent felonies, because intent to cause great bodily injury had not been pleaded and proved. (See Cal. Rules of Court, rule 8.516.)