[No. E028823. Fourth Dist., Div. Two. Feb. 8, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
NICHOLAS THOMAS McNAMEE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.C.

**COUNSEL**

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Jeffrey J. Koch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHLI, J.**—Defendant was convicted by a jury of second degree murder. The jury found defendant personally used a firearm to commit the crime, pursuant to Penal Code section 12022.5, subdivision (a).[1] The court sentenced defendant to 15 years to life for the murder and to 10 years, consecutively, for the firearm use.

Defendant's only contention on appeal is that the court improperly failed to award him presentence conduct credits pursuant to Penal Code section 4019 on the ground that, because he was convicted of murder, Penal Code section 2933.2, subdivision (c) made him ineligible for such credits. Defendant agrees section 2933.2 barred credits against his indeterminate sentence of 15 years to life but contends the statute did not bar credits against the 10-year determinate part of his sentence imposed pursuant to Penal Code section 12022.5, subdivision (a). We conclude section 2933.2 bars presentence conduct credits against the determinate part of a sentence as well as the indeterminate part. Accordingly, we affirm the judgment.

I

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not relevant to the issue on appeal, so we recite them summarily. On October 1, 1999, defendant shot and killed Josue Sanders during an argument at defendant's residence after Sanders parked his car partially on defendant's property. Defendant admitted shooting Sanders but testified he did so because he believed Sanders was going to run him down with his car. Defendant also testified that, before he shot Sanders, Sanders threatened to shoot him and reached into his waistband.

At sentencing, the court agreed with the district attorney that defendant was not eligible for presentence conduct credits because he had been convicted of murder. Therefore, the court gave defendant presentence credits only for time actually served.

---

[1]The Attorney General inaccurately states the firearm use finding was made, and defendant was sentenced, pursuant to Penal Code section 12022.53, subdivision (d).

## II

### DISCUSSION

### A. *Statutory Background*

Penal Code section 190[2] sets forth the punishment for murder. Except where the death penalty is imposed, a murderer receives an indeterminate term of life in prison. The statute also prescribes minimum terms of imprisonment for different varieties of murder. The usual minimum term for defendant's crime here, second degree murder, is 15 years. (§ 190, subd. (a).)

Section 4019 provides generally that a defendant sentenced to prison is entitled to credit for good conduct while in custody prior to being sentenced at a rate of two days for every four days of actual custody. (§ 4019, subds. (a)(1), (b), (c).) Section 2900.5 similarly provides that in all felony and misdemeanor convictions all days of custody of the defendant, including days credited to the period of confinement pursuant to section 4019, shall be credited upon the defendant's term of imprisonment. (§ 2900.5, subd. (a).)

Section 2933.2, which took effect in June of 1998, bars conduct credits for murderers. Subdivision (a) of section 2933.2 provides that a person convicted of murder "shall not accrue any credit, as specified in Section 2933." Section 2933 permits persons convicted of a crime and sentenced to state prison under section 1170 to earn credits for performance in work, training, or education programs. (§ 2933, subd. (a).)

Subdivision (c) of section 2933.2, with which we are concerned in this case, provides: "Notwithstanding Section 4019 or any other provision of law, no credit pursuant to Section 4019 may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest for any person specified in subdivision (a)," i.e., a person convicted of murder. Section 2933.2 does not specifically address the question presented here, whether its ban on presentence conduct credits applies to a determinate term as well as an indeterminate one.

### B. *Application of Section 2933.2 to Determinate Terms*

#### 1. *Language of section 2933.2, subdivision (c)*

We are aware of no decision addressing the issue presented here. One recent decision, however, applied section 2933.2 to bar presentence

---

[2] All further statutory references are to the Penal Code unless otherwise specified.

conduct credits against a determinate term of a murderer's sentence, without directly discussing the issue. In *People v. Herrera* (2001) 88 Cal.App.4th 1353 [106 Cal.Rptr.2d 793] (*Herrera*), two defendants were convicted of murder, for which each received a term of 25 years to life. In addition, each defendant received a consecutive term of 25 years to life for firearm use in the murder, pursuant to section 12022.53, subdivision (d), and a three-year determinate term gang enhancement, pursuant to section 186.22. The court held that under section 2933.2 the defendants could not receive any presentence conduct credits. (*Herrera, supra,* at pp. 1366-1367.)

While the *Herrera* court did not specifically discuss whether section 2933.2 precluded credits on the determinate terms of the sentences, it awarded no credits on those terms as well as awarding none on the indeterminate terms. It gave no indication that a determinate term should be treated any differently than an indeterminate term in applying section 2933.2. To the contrary, the court flatly stated, "The plain language of section 2933.2 prohibits a grant of presentence conduct credits to convicted murder[er]s after the effective date of the statute." (*Herrera, supra,* 88 Cal.App.4th at p. 1366.)

In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law. (*People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].) As the *Herrera* court's discussion reflects, the language of section 2933.2, subdivision (c) is broad and evidences an intention to impose a complete ban on presentence conduct credits for those defendants who come within its purview. Subdivision (c) states that, notwithstanding section 4019 "or any other provision of law," no presentence conduct credits may be earned by a person convicted of murder. That language reflects an intent to supersede any and all provisions of law that might support an award of presentence conduct credits. It would be incongruous in light of that language to hold that if a murderer receives a portion of his or her sentence on the basis of a statute other than section 190, such as section 12022.5 in this case, that portion of the sentence should be subject to presentence conduct credits notwithstanding section 2933.2.

Similarly, section 2933.2, subdivision (c) states without qualification that "no credit" pursuant to section 4019 may be earned by a person convicted of murder. It does not say such a person may earn "no credit against the indeterminate part of the sentence," or "no credit against the sentence for the murder itself," or "no credit against any sentence imposed pursuant to section 190." Nor does section 2933.2 contain any other language that might suggest an intent to allow credit against a determinate term that is included in a murder sentence based on conduct in the commission of the murder, such as firearm use.

The Legislative Counsel's Digest to the bill that added section 2933.2 described its effect in similarly unqualified terms. The digest stated: "This bill also would state that any person who is convicted of murder shall not accrue *any* sentence credit." (Legis. Counsel's Dig., Sen. Bill No. 1231 (1995-1996 Reg. Sess.) Stats. 1996, ch. 598, italics added.) Again, the implication is clear: section 2933.2 was intended to impose a complete ban on sentence credits for convicted murderers. The broad language of section 2933.2, subdivision (c) thus supports applying its bar on credits to all terms of a murderer's sentence, whether determinate or indeterminate.

### 2. *Other provisions of section 2933.2*

The provisions of section 2933.2 other than subdivision (c) also support the conclusion that the Legislature did not intend to allow presentence conduct credits against any part of a murder sentence. Section 2933.2, subdivision (a) states: "Notwithstanding Section 2933.1 or any other law, any person who is convicted of murder, as defined in Section 187, shall not accrue any credit, as specified in Section 2933." Section 2933.2, subdivision (b) states: "The limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law."

Section 2933 deals with postsentence worktime credits, and it expressly applies to "persons convicted of a crime and sentenced to the state prison under Section 1170," i.e., those receiving a determinate sentence. (§ 2933, subd. (a).) Chapter 4.5 of title 7 of part 2 of the Penal Code, the determinate sentencing law, imposes a scheme of determinate sentencing for most felonies, but not for murder, which remains subject to indeterminate sentencing under section 190. (*People v. Jefferson* (1999) 21 Cal.4th 86, 92-93, 95 [86 Cal.Rptr.2d 893, 980 P.2d 441].) Thus, the import of section 2933.2, subdivisions (a) and (b) is that a defendant convicted of murder cannot accrue postsentence worktime credits even if his or her sentence includes a determinate term, such as would be imposed for a separate offense or an enhancement, in addition to the indeterminate term for the murder.

If it were otherwise, section 2933.2, subdivisions (a) and (b) would be duplicative of section 190, subdivision (e). That provision states in relevant part: "Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not apply to reduce any minimum term of a sentence imposed pursuant to this section." Article 2.5 deals with postsentence credits. Thus, section 190, subdivision (e) prohibits postsentence credits against the minimum term of a murderer's indeterminate sentence. If section 2933.2, subdivisions (a) and (b) did no more than that, they would be redundant.

█ Statutes must be harmonized, both internally and with each other, to the extent possible, and interpretations that render words surplusage are to be avoided. (*People v. Loeun, supra,* 17 Cal.4th 1, 9.) █ We therefore must presume the Legislature intended section 2933.2, subdivisions (a) and (b) to prohibit postsentence credits not only against a murderer's indeterminate term, but also against any determinate term included in his or her sentence.

That being established, we can think of no reason the Legislature would bar postsentence credits against the entire sentence of a murderer but intend to bar presentence conduct credits only against the indeterminate part of a sentence. Section 2933.2, subdivisions (a) and (b) thus support interpreting the ban on presentence conduct credits in section 2933.2, subdivision (c) to apply to a murderer's entire sentence, including any determinate term.

Defendant suggests that, in fact, section 2933.2, subdivision (b) *does not* bar postsentence credits against a determinate part of a murder sentence. He interprets the statement in subdivision (b) that subdivision (a)'s ban on postsentence credits "shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law" to mean simply that credits against the *indeterminate* part of the sentence are barred even if a determinate term is also imposed.

However, section 2933.2, subdivision (a), like subdivision (c), is framed in absolute terms. It states, without qualification, that notwithstanding any other law a murderer "shall not accrue *any credit,* as specified in Section 2933." (Italics added.) Like subdivision (c), subdivision (a) contains no language that would suggest the Legislature intended the ban on credits for a murderer to apply only to the indeterminate part of his or her sentence.

### 3. *Avoidance of anomalous results*

A court interpreting a statute "should avoid an interpretation that leads to anomalous or absurd consequences." (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 280 [87 Cal.Rptr.2d 222, 980 P.2d 927].) Interpreting section 2933.2 to permit credit against a determinate term imposed on a murderer, such as the firearm use enhancement in this case, would produce anomalous results. Enhancements punish behavior that is more culpable or dangerous than the underlying offense by itself. Firearm use enhancements, for example, are imposed because of " 'the magnified risk of serious injury which accompanies any deployment of a gun in a criminal endeavor.' " (*In re Tameka C.* (2000) 22 Cal.4th 190, 196 [91 Cal.Rptr.2d 730, 990 P.2d 603],

quoting *People v. Granado* (1996) 49 Cal.App.4th 317, 322 [56 Cal.Rptr.2d 636].)

Murderers who use firearms are more, not less, culpable than those who do not. It would make no sense to award presentence conduct credits to murderers who use firearms but not to those who do not, even if, as defendant suggests, the credits were only applied to the firearm use enhancement and not to the indeterminate murder term.

Courts have consistently interpreted the analogous sentence credit limitations imposed by section 2933.1 so as to avoid awarding credits to defendants whose criminal conduct is more culpable than the conduct of others who do not receive the credits. Section 2933.1 imposes a 15 percent limit on conduct credits for persons convicted of violent offenses, as defined in section 667.5. Section 2933.1 follows the same pattern employed by the Legislature when it subsequently enacted section 2933.2: subdivision (a) states that the limitation applies to postsentence worktime credits under section 2933; subdivision (b) states that the limitation in subdivision (a) applies whether the defendant is sentenced under section 1170 et seq. or some other law; and subdivision (c) states that the limitation applies to presentence conduct credits under section 4019.

■ As the Attorney General points out, section 2933.1 has repeatedly been held to impose a 15 percent limitation on presentence credits against *any part* of the sentence of a defendant convicted of a violent felony, including terms imposed for additional offenses which are not violent felonies. (*People v. Ramos* (1996) 50 Cal.App.4th 810, 817 [58 Cal.Rptr.2d 24]; *People v. Palacios* (1997) 56 Cal.App.4th 252, 255-256 [65 Cal.Rptr.2d 318]; *People v. Duran* (1998) 67 Cal.App.4th 267, 270 [78 Cal.Rptr.2d 884].) As the court in *Palacios* observed, a contrary interpretation "would reward violent felons who are convicted at the same time of additional nonviolent felonies with more conduct credits than those who are convicted of a single violent felony . . . ." (*Palacios, supra,* at pp. 255-256.)

■ Similar considerations support applying section 2933.2's ban on presentence conduct credits to all parts of a murderer's sentence. Interpreting section 2933.2 to ban only credits on an indeterminate term would give credits to defendants who commit sentence-enhancing conduct, such as gun use, while those not committing such conduct could not receive credits. Section 2933.2 should be interpreted so as to avoid that anomalous result.

Finally, declining to grant presentence conduct credits to murderers does not leave those accused of murder with no incentive for good conduct while

in presentence custody. A defendant in presentence custody does not know whether he or she will be convicted of murder or of some lesser offense, to which section 2933.2's ban on credits would not apply. In addition, even if he or she cannot earn presentence conduct credits, a murder defendant still has an incentive to avoid misconduct while in custody, to obtain favorable consideration for the earliest possible parole date following service of the minimum term of his or her sentence if he or she is convicted.

For these reasons, we conclude section 2933.2, subdivision (c) should be interpreted to bar presentence conduct credits against determinate as well as indeterminate terms of a murderer's sentence. Accordingly, we hold that the trial court properly limited defendant's presentence credits to his actual time in custody.

C. *Defendant's Contentions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

### DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Ward, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 1, 2002.

---

*See footnote, *ante*, page 66.