Filed 2/13/24  P. v. Anaya CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALVARO ANAYA,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B336707<br>(Super. Ct. No. SA095033)<br>(Los Angeles County) |

The facts of this case are described in our previous opinion. (*People v. Anaya* (Jan. 18, 2023, B301047) [nonpub. opn.] 2023 WL 234686.)

The trial court initially sentenced Anaya to a total indeterminate term of 75 years to life plus a determinate term of 23 years.

In our previous opinion, we vacated the sentence and remanded for further proceedings regarding the gang

enhancements (Pen. Code,[1] § 186.22, as amended by Assem. Bill No. 333 (2021-2022 Reg. Sess.)), and, if the gang enhancements were stricken, for reconsideration of the high term (§ 1170, subd. (b), as amended by Sen. Bill No. 567 (2021-2022 Reg. Sess.)), and reconsideration of whether to strike enhancements (§ 1385, subd. (c)(2)(C), as amended by Sen. Bill No. 81 (2021-2022 Reg. Sess.)).

On remand, the People declined to proceed on the gang enhancements. The trial court noted Anaya's positive behavior in prison but denied the motion to strike the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court relied on Anaya's criminal record, prior prison terms, continuous and repetitive criminal conduct, violations of probation, the fact the current offenses were committed just two years after he completed federal probation, the violence of the current offenses, that he "led the charge against the victims in this case," and his dishonesty at trial.

The court sentenced Anaya to 50 years to life for count 1, first degree murder as a second strike (§§ 187, subd. (a), 189, subd. (a), 667, subd. (e)(1), 1170.12, subd. (c)(1)). For count 2, attempted premeditated murder, the court imposed a sentence of life with parole (§§ 664, subd. (a), 187, subd. (a)), but struck the strike as to that count only, which reduced his parole eligibility on that count from 14 years to seven years. (*People v. Garcia* (1999) 20 Cal.4th 490, 499; *People v. Jefferson* (1999) 21 Cal.4th 86, 92-93, 96.) Also for count 2, the court imposed a three-year enhancement for infliction of great bodily injury (§ 12022.7, subd. (a)). For count 6, assault with a firearm, the court reduced the

---

[1] Further unspecified statutory references are to the Penal Code.

sentence to the midterm of six years, doubled for the strike to 12 years, with a one-year enhancement for being armed with a firearm (§§ 245, subd. (b), 667, subd. (e)(1), 1170.12, subd. (c)(1), 12022, subd. (a)(1)).

We appointed counsel to represent Anaya in this appeal of the resentencing. After counsel's examination of the record, counsel filed an opening brief raising no issues. On October 18, 2024, we advised Anaya that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have not received a response.

We have reviewed the entire record and have found an error in the abstract of judgment. The indeterminate sentence in the abstract of judgment issued February 23, 2024, showed the sentence for count 2 as 10 years to life. But the correct sentence for attempted premeditated murder is life with the possibility of parole; the seven-year parole eligibility date is not part of the sentence. (*People v. Wong* (2018) 27 Cal.App.5th 972, 977, fn. 4.) And the great bodily injury enhancement is a separate determinate term. (*In re Maes* (2010) 185 Cal.App.4th 1094, 1099.)

In a letter to the trial court, appellant's counsel requested the abstract be corrected. The court issued amended abstracts on September 6, 2024, that correctly changed the great bodily injury enhancement for count 2 to a three-year determinate sentence. But the amended indeterminate sentence abstract showed the sentence for count 2 as seven years to life. We order the indeterminate sentence abstract be amended to show the correct sentence of life with the possibility of parole for count 2. The total new indeterminate sentence will then be 50 years to life for count 1, life with the possibility for parole for count 2, plus a

3

determinate sentence of 16 years.

We are otherwise satisfied that counsel has fully complied with their responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The clerk of the superior court shall prepare an amended indeterminate sentence abstract deleting the sentence of seven years to life for count 2 (box 6d) and showing instead a sentence of life with the possibility of parole for count 2 (box 5). The clerk shall forward copies of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Lauren Weis Birnstein, Judge

Superior Court County of Los Angeles

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.